taken after the rendering of the verdict; and it is for the court below to take such action with respect to the verdict as in its judgment law and right require. It follows that it may either direct judgment on the verdict, order a new trial on refusal of plaintiff to accede to a reduction in amount of the verdict, or order a new trial irrespective of any such condition. Within these limits the verdict is in the power of the court. In this case a new trial was ordered unconditionally. We must assume that this was done in the exercise of a sound discretion by the court, with a view to accomplish the ends of justice, and the action is therefore not reviewable.

The appeal is dismissed at the cost of appellant.

---

## Burn's Estate.   Bassett's Appeal.

Argued Jan. 16, 1912. Appeal, No. 290, Jan. T., 1911, by Annie R. Waln Bassett from decree of O. C. Phila. Co., Oct. T., 1908, No. 295, confirming adjudication in Estate of William H. Burns, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

In this case, which was presented by the appellant, Annie R. Waln Bassett, in person, the paper book did not contain the names of the parties, statement of question involved, history of the case, adjudication, assignments of error or appendix. The appeal was apparently from a decree dismissing exceptions to an adjudication.

*Allen M. Stearne,* for appellee.

PER CURIAM, February 19, 1912:

The appellant was patiently heard by the court below, but she utterly failed to show anything as a basis of a claim against the decedent's estate, and her appeal is, therefore, dismissed with costs.

---

## Page *v.* Moore, Appellant.

*Practice, C. P.—Judgment n. o. v.—Binding instructions—Bankruptcy.*

1. Where the court at the trial cannot give binding instructions, it cannot enter judgment non obstante veredicto thereafter.

2. In an action by a trustee in bankruptcy to recover the value of bonds alleged to have been wrongfully taken from the bankrupt by the defendant, where the defendant contends that he had taken the bonds for the purpose of delivering them to their owner to whom he alleged, they had been previously assigned, and the evidence is conflicting as to whether there was a valid consideration for the assignment, the case is for the jury; and if a verdict is rendered for plaintiff, the court cannot thereafter enter judgment n. o. v. for the defendant.

*Contract—Illegal contract—Building contract—Architect.*

3. An agreement by a building contractor to pay bonds to the architect of the owner for services in overseeing the work, or for securing the award of the contract, is illegal.

Argued Jan. 17, 1912.   Appeal, No. 133, Jan. T., 1911, by defendant from judgment of C. P. No. 1, June T., 1909, No. 438, on verdict for plaintiff in case of Howard W. Page, Trustee in Bankruptcy of Moore & Company, Incorporated *v.* William G. Moore.   Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover for the alleged misappropriation of bonds belonging to the bankrupt's estate.   Before MAGILL, J.

From the record it appeared that on January 14,